**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHANELL JAMES, | ) | |
| Plaintiff | ) | C.A. No. 08-244 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Magistrate Judge Susan Paradise Baxter.

I.  **INTRODUCTION**

 A.  **Relevant Procedural and Factual History**

On or about August 25, 2008, Plaintiff Shanell James, an inmate incarcerated at the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania, filed this *pro se* action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., alleging that various items of his personal and legal property were negligently lost at the Federal Correctional Institution at McKean ("FCI-McKean") after he was temporarily moved to the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn") on a federal writ issued by the U.S. District Court for the Eastern District of New York.  Named as Defendant is the United States of America ("United States").

Plaintiff alleges that by losing his legal materials, FCI-McKean's prison staff violated his Due Process rights, interfered with his access to courts, and caused him emotional distress. [Complaint at pp. 8-9).  In particular, Plaintiff alleges that the alleged loss and/or destruction of his legal materials caused the dismissal of a civil action he filed in James v. U.S. Customs and Border Protection, No. 06-CV-0562-RMC (D.D.C.). (Id. at pp. 3, 5-8).  As relief for his claims, Plaintiff seeks to recover damages in the total amount of $ 1,850,000, including $ 1,350,000 for emotional injury and an unidentified physical injury, plus court costs and fees.

On December 15, 2008, the United States filed a motion to dismiss, or in the alternative,

motion for summary judgment [Document # 12], arguing that Plaintiff's claim should be dismissed because: (i) it is barred by the FTCA's "detention of goods" exception; and (ii) alleged constitutional torts and violations of federal regulations are not actionable under the FTCA. Despite being given ample time to do so, Plaintiff has not filed any response to the motion to dismiss. This matter is now ripe for consideration.

### B.     Factual History

On April 20, 2007, Plaintiff was temporarily moved from FCI-McKean to MDC-Brooklyn, on a federal writ issued by the United States District Court for the Eastern District of New York. (Complaint at ¶ 1). During this process, Plaintiff advised the Inmate Systems Officer ("ISO") at FCI-McKean that he needed his legal property to be transferred with him because he had pending litigation before an U.S. District Court. (Id. at ¶ 2). Plaintiff alleges that he also asked about his personal property "that was not catalogued, and placed in safekeeping." (Id.). According to Plaintiff, the ISO advised him to have a correctional counselor at MDC-Brooklyn contact him and he would make sure Plaintiff received his legal materials, along with a copy of a "property form acknowledging that Plaintiff's personal property was catalogued, and placed in safekeeping." (Id.).

Plaintiff subsequently arrived at MDC-Brooklyn on April 25, 2007, and, soon after, petitioned his assigned correctional counselor to contact FCI-McKean and request his legal materials. (Id.). Plaintiff alleges that he did not receive any of his legal materials until late August 2007, at which time he found approximately 40% of his materials missing. In addition, Plaintiff alleges that he didn't receive "any indication that his personal property was catalogued and being held for safekeeping." (Id. at ¶ 8).

In September 2007, Plaintiff filed an Administrative Tort Claim indicating that he only received a "partial release" of his legal materials from FCI-McKean, and requesting monetary damages in the amount of $ 1,850,000.00, for an unidentified physical injury and personal property loss. On or about February 29, 2008, Plaintiff was sent a written response from the Federal Bureau of Prisons Northeast Regional Office denying the tort claim. (Document # 1,

Documents in Support of Complaint, at p. 3).  This action ensued.

    **C.**    **Standards of Review**

        **1.**    **Motion to Dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, ___ S.Ct. ___, ___ 2009 WL 1361536 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S.  265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its

3

face." Id. at 570.

### 2.     Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by

affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**D.     Discussion**

   **1.     Detention of Goods Exception**

Defendants argue that Plaintiff's property loss claims are not cognizable under the FTCA because they fall within the "detention of goods exception" to the Act's waiver of sovereign immunity. This exception is set forth at 28 U.S.C. § 2680(c) and provides that the government's waiver of immunity under the FTCA "shall not apply to ... *[a]ny claim arising in respect of* the assessment or collection of any tax or customs duty, or *the detention of any goods, merchandise, or other property by* any officer of customs or excise or *any other law enforcement officer*...." (emphasis added).

Here Plaintiff essentially alleges that his legal materials and personal property were negligently stored and/or handled at FCI-McKean by Bureau of Prisons ("BOP") officers while he was temporarily moved to MDC-Brooklyn. Such storage and/or handling of Plaintiff's property plainly constitutes a "detention of goods" within the meaning of 28 U.S.C. § 2680(c). See Kosak v. U.S., 465 U.S. 848, 854 (1984)(broadly interpreting the meaning of "arising in respect of ... the detention of goods" to apply to storage and negligent handling of property); Chapa v. U.S. Dept. of Justice, 399 F.3d 388, 391 (5th Cir. 2003)(BOP's process of packaging, inspecting and inventorying inmate's personal property to be transferred to new correctional facility held to be "detention" for purposes of 28 U.S.C. § 2680(c)); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)(packaging and mailing of inmate's personal property to inmate's mother's address was "detention of goods" under 28 U.S.C. § 2680(c)).

The only question regarding the applicability of the "detention of goods exception" is whether the phrase "any other law enforcement officer" includes a BOP officer. This question was recently resolved by the United States Supreme Court in Ali v. Federal Bureau of Prisons, ___ U.S. ___, 128 S.Ct. 831 (Jan. 8, 2008), in which the Court held that the phrase "any other law enforcement officer" found in the detention of goods exception to the FTCA covers all law enforcement officers, including BOP officers. 128 S.Ct. at 841. Since Ali, courts have applied the detention of goods exception to dismiss FTCA claims alleging that BOP personnel lost or destroyed an inmate's property. See, e.g., Gordon v. United States, 279 Fed. Appx. 126, 127

(3d Cir.).(upholding dismissal of FTCA claim where federal inmate alleged that BOP personnel confiscated, and either failed to return or destroyed, items of his personal property, "because the United States Supreme Court has recently held that the exception under § 2680(c) broadly applies to all law enforcement officers"); Anwo v. Morrison, 2008 WL 4330968 (W.D.Pa. Sept. 19, 2008)(dismissing federal inmate's FTCA claim that BOP officers lost his personal property and legal materials when he was transferred between facilities, thereby resulting in the denial of his access to courts, based on detention of goods exception).  In light of the Ali decision, the BOP officers in charge of storing and/or handling Plaintiff's personal property at FCI-McKean were "law enforcement officers" under 28 U.S.C. § 2680(c).  As a result, Plaintiff's property loss claims fall within the "detention of goods exception" to the FTCA's waiver of sovereign immunity, and must be dismissed accordingly.

### 2.     Constitutional and Federal Regulatory Claims

Plaintiff also claims that the loss of his legal materials and personal property violated his Due Process rights, and that his attempts to have his losses remedied through the administrative grievance process were improperly denied and/or rejected in violation of BOP regulations.  The United States seeks dismissal of these claims because they are improper under the FTCA.  The Court agrees.

It is well-settled that the FTCA does not waive the United States' sovereign immunity for constitutional torts that may have been committed by its employees.  See 28 U.S.C. § 2679(b)(1), (2); Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 478 (1994)("the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims"); Carlson v. Green, 446 U.S. 15, 19 (1980)(explaining that allowing claims under the FTCA for violations of federal statutory or constitutional rights with preempt Bivens remedies); Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006)("the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations").  Thus, to the extent Plaintiff demands relief for alleged violations of his Due Process rights, such claims must be dismissed.

Similarly, alleged violations of federal regulations are not actionable under the FTCA.

7

"Violations of federal law – when not accompanied by any local law violation – cannot support a suit under the FTCA." Hornbeck Offshore Transp., LLC v. United States, 569 F.3d 506, 508 (C.A.D.C. 2009), citing Art Metal-USA, Inc. V. United States, 753 F.2d 1151, 1157 (D.C.Cir. 1985).  Here, Plaintiff is claiming that BOP employees failed to follow the rules set forth at 28 C.F.R. §§ 542 and 543, governing the inmate administrative process and the handling of inmate personal property, respectively.  These regulations are uniquely federal and apply to the operation of federal correctional institutions.  Pennsylvania tort law does not extend to causes of action based upon the alleged intentional or negligent violation of such regulations.  Accordingly, Plaintiff's claim based upon the alleged violation of federal regulations is not actionable under the FTCA and must be dismissed.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANELL JAMES, )<br>        Plaintiff )<br>)<br>     v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Defendant. ) | C.A. 08-244 Erie<br><br>Magistrate Judge Baxter |

**ORDER**

AND NOW, this 21st day of August, 2009,

IT IS HEREBY ORDERED that the United States' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Document # 12] is GRANTED, and this action is DISMISSED. The Clerk is directed to mark this case closed.

                                                                 Susan Paradise Baxter
                                                                 SUSAN PARADISE BAXTER
                                                                 United States Magistrate Judge